(26 Misc. Rep. 541.)

### NATIONAL BANK OF PORT JERVIS v. BONNELL et al.

(Supreme Court, Special Term, Orange County. February, 1899.)

**1. FRAUDULENT CONVEYANCES—EVIDENCE.**

In an action to set aside a deed from a mother to her daughter as in fraud of creditors, a judgment dismissing the complaint will be granted, where the evidence is uncontradicted that the conveyance was made by the mother to the daughter because of money, to the value of the property, given to the mother for the use of the daughter by the grandmother of the daughter, and which the mother had applied to her own use.

**2. DEED—ACCEPTANCE.**

Where a mother deeds property to her daughter because of a debt owing by the mother to the daughter, not reserving any control over the deed, the estate passes; the assent of the grantee being presumed from the fact that the conveyance is beneficial, though, as a matter of fact, the grantee did not know of the conveyance.

Action by the National Bank of Port Jervis against Mary Bonnell and others to set aside a deed as fraudulent. Complaint dismissed.

Wm. A. Parshall (Lewis E. Carr, of counsel), for plaintiff.
John W. Lyon, for defendants.

HIRSCHBERG, J. The plaintiff recovered a judgment against the defendant Mary Bonnell on the 22d day of June, 1897, for $8,047.27, on which execution has been duly issued, and returned unsatisfied. During the pendency of the action, and for many years prior, she lived with her husband, her son, and her daughter, the defendant Florence M. Bonnell, on certain premises belonging to her, and which were incumbered to the extent of $2,000. On June 9, 1897, she executed a deed of this property to her daughter, reciting a consideration of $4,000. This she did by the advice of her son, to whom the deed was given when executed, and by whom it was recorded on that day, together with a deed from his mother to him of all her other real estate. Nothing was said on the subject to the daughter, and she first learned of the existence of the deed on June 28, 1897, when about to be examined as a witness in proceedings supplementary to execution on the judgment. These transfers left Mrs. Bonnell without property or means of any kind; and, failing to collect the judgment, the plaintiff institutes this action to set the deed to the daughter aside as fraudulent.

On the trial the consideration for the deed from Mrs. Bonnell to her daughter was accounted for by an alleged indebtedness arising in this way: Her brother, Clarence, testified that in the summer of 1884 he was at his grandmother's house, in New Jersey. His mother was there, taking care of the grandmother in her final sickness. His grandmother directed his mother to take a package from a cupboard in the room where she lay, and said: "Take this for Florence, and keep it for her. Clarence can take care of himself." At this time Clarence was 15 years old, and Florence 13. The package, he said, contained $4,000 in gold and in bank bills. The husband testified that his wife brought this package home in 1884; that he borrowed and used most of the money, which he never repaid; and that when his daughter became of age, in 1892, her mother gave her a note for the $4,000. This note was put in evidence, and is dated July 1, 1892, and is drawn one month after date, with interest. Mrs. Bonnell testified to the gift of the $4,000 to her in trust for her daughter, Florence; that by the terms of the gift she was to take care of the money until her daughter arrived at age, when it was to be given to her; that her daughter arrived at age June 11, 1892, but the money had been expended meanwhile; and that she gave her daughter the note referred to, in lieu of the money. The plaintiff assails the good faith of this transaction, and insists that the story is inherently incredible. It is supported by the oaths of three persons, is not expressly contradicted in any way, or weakened by cross-examination; nor, beyond the incidents of the relationship of the parties, and their interest in the controversy, is their testimony or general credibility impeached. While courts scrutinize with care business transactions between near relatives, when alleged to be fraudulent as against creditors, and while it may be fairly inferred that the grantor intended to prefer her daughter in view of the plaintiff's imminent judgment, yet it cannot be said that the history of the alleged trust is in itself so incredible, however unusual, or even suspicious, as to stamp it as fraudulent, when attested by uncontradicted and unimpeached evidence.

Nor, under the circumstances, can the deed be held void for want of delivery and acceptance. The plaintiff relies on the case of Ten Eyck v. Whitbeck, 156 N. Y. 341, 50 N. E. 963. That case recognizes the presumption that a deed is delivered and accepted at its date, but holds that the question of delivery, involving acceptance, is always one of intention, to be decided, under conflicting evidence, as a question of fact. The circumstances of the case were peculiar, and it was held that continued possession of the property by the grantor for many years after the alleged conveyance, during which he managed and leased it as his own, combined with acts and declarations of the grantee indicating the entire absence of any claim of title or ownership, required a submission to the jury of the question of delivery and acceptance. There is nothing in the case, however, to affect the general rule, sustained by Munoz v. Wilson, 111 N. Y. 295, 18 N. E. 855, and cases there cited, that, if delivery to a third person is absolute and unqualified, the grantor not reserving any future control over the deed, the estate passes; the assent of the grantee to accept the conveyance being presumed from the fact that the conveyance is beneficial to him. Such

a deed operates to devest the grantor of title, and to transfer it to the grantee, by relation, as of .the date of delivery to the third person. Jackson v. Bodle, 20 Johns. 187; Hathaway v. Payne, 34 N. Y. 92; Crain v. Wright, 114 N. Y. 307, 21 N. E. 401; Rosseau v. Bleau, 131 N. Y. 183, 30 N. E. 52.   The equity of redemption in the property was not in excess of the amount of Florence M. Bonnell's debt.   Mary Bonnell intended that the deed, when delivered to Clarence, should take immediate effect; and Florence, having answered, admitting the existence of the deed, and asserting, through her counsel, its efficacy as payment of her claim, will be presumed to have accepted its benefits in transferring the title of the property to her, in the absence of proof indicating dissent or repudiation.

The defendants are entitled to judgment dismissing the complaint on the merits, with costs.

Judgment dismissing complaint, with costs.